IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | Cr. No. C-12-131 |
| | § | (Ca. No. 15-251) |
| DAVID WAYNE BROWN, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO VACATE,
SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255,
ORDER DENYING CERTIFICATE OF APPEALABILITY**

David Wayne Brown filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, a memorandum in support and a motion to proceed *in forma pauperis*. D.E. 21, 22, 23. The United States moved to dismiss as untimely and Brown filed a reply. D.E. 28, 32. The Court denies Brown's § 2255 motion because the motion is untimely and also denies him a Certificate of Appealability.

## I. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331.

## II. BACKGROUND

Brown pleaded guilty, without a plea agreement, to possession with intent to distribute approximately 2785.5 kilograms of marijuana in 2012. The Probation Department prepared a Presentence Investigation Report (PSR). D.E. 14. Brown's base offense level of 32 was based upon the quantity of marijuana seized. *Id.*, ¶ 11. His total offense level was calculated

to be 29, after credit for acceptance of responsibility. *Id.*, ¶¶ 11-20. Brown had three criminal history points resulting in application of criminal history Category II. *Id.*, ¶¶ 22-27. The guideline range of imprisonment was calculated to be 120-121 months with a statutory minimum sentence of ten years. *Id.*, ¶¶ 40-45.

At sentencing, the Court adopted the PSR as the findings of the Court. D.E. 20. The Court sentenced Brown to the statutory minimum sentence of 120 months imprisonment. D.E. 30, p. 4. The Court advised him of his right to appeal within 14 days. *Id.*, p. 5. Judgment was entered on the docket on July 3, 2012. D.E. 19. Brown did not appeal.

### III. MOVANT'S ALLEGATIONS

Brown raises multiple claims, 1) there was no probable cause to search his tractor-trailer, 2) the evidence was insufficient, 3) his plea was involuntary, and 4) his counsel was ineffective. Brown claims that although his motion was filed after the statutory deadline, his procedural default is excused pursuant to *McQuiggen v. Perkins*, 133 S.Ct. 1924, (2013), on grounds of actual innocence.

### IV. ANALYSIS

A motion made under § 2255 is subject to a one-year statute of limitations, which, in most cases, begins to run when the judgment becomes final.[1] 28 U.S.C. § 2255(f). The Fifth

---

[1] The statute provides that the limitations period shall run from the latest of:

  (1) the date on which the judgment of conviction becomes final;
  (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action;

Circuit and the Supreme Court have held that a judgment becomes final when the applicable period for seeking direct review of a conviction has expired. *Clay v. United States*, 537 U.S. 522 (2003); *United States v. Gamble*, 208 F.3d 536, 536-37 (5th Cir. 2000) (per curiam).

Brown's judgment became final fourteen days after it was entered on the docket, when the time to file his notice of appeal expired on July 17, 2012. *See* Fed. R. App. P. 4(b)(1). The deadline to file his motion to vacate expired a year later on July 17, 2013, but Brown did not mail his § 2255 motion until June 1, 2015, according to the certificate of service.[2] D.E. 22, p. 36. Brown's motion was nearly two years too late. His § 2255 motion is therefore time barred unless an exception applies.

Brown claims his late filing is excused because he is actually innocent. Actual innocence means factual innocence, not insufficiency of the evidence. *Bousley v. United States*, 523 U.S. 614, 623 (1998). To fall within the *McQuiggen* innocence gateway, the movant "must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id*. at 1935. Brown has not submitted affidavits or any other new evidence. He has sworn to the Memorandum of Law he submitted

---

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

[2] Because Brown is incarcerated, the date of mailing controls the timeliness of his motion. Fed. R. App. P. 4(c).

with his motion. Brown' Memorandum includes Brown's statements attacking the search, the evidence, and his attorney. Brown does not state that he is actually innocent of the crime to which he pled guilty, rather he claims evidence should have been suppressed, the chain of custody was flawed, the evidence was insufficient, and he did not hire his own counsel, rather counsel just showed up and was working for someone else's interests.

To meet the high burden to demonstrate factual innocence Brown must "support his allegations of constitutional error with *new reliable evidence* — whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995) (emphasis added). Brown has submitted nothing that contradicts his testimony during rearraignment. Brown admitted that he knew he was transporting marijuana, that he made monthly trips, and he was paid $15,000 per trip. D.E. 29, p. 16.[3]

---

[3] Mr. Brown later made a statement indicating he had made eleven trips transporting marijuana from McAllen, Texas, to Houston, Texas, over the past year. He stated he was paid $15,000 per trip, that he made one trip a month, except in November and December of 2011, because of a death in the family and the Christmas holidays.
Mr. Brown stated he was never told how much marijuana he was transporting, but he knew that he was transporting marijuana.
A total of 263 bundles were removed from the trailer. Laboratory analysis determined the bundles contained marijuana, had a net weight of 2,785 and 5/10 kilograms, and that is an amount that infers intent to distribute.
THE COURT: All right. Mr. Brown, did you hear that statement by the Government?
THE DEFENDANT: Yes, Your Honor.
THE COURT: Is that what happened in your case?
THE DEFENDANT: Yes, it is.

Because Brown has not established by credible evidence that he is factually innocent, his untimeliness is not excused and the merits of his § 2255 motion may not be considered.

## V. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Brown has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 RULES.

A COA "may issue. . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th

---

THE COURT: Did you do those things and say those things?
THE DEFENDANT: Yes, I did.

*Id.*

5

Cir. 2002) (relying upon *Slack*, 529 U.S. at 483-84).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484 (emphasis added).

Based on the above standards, the Court concludes that Brown is not entitled to a COA on any of his claims. That is, reasonable jurists could not debate the Court's resolution of his claims, nor do these issues deserve encouragement to proceed. *See Jones*, 287 F.3d at 329.

## VI. CONCLUSION

Brown's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (D.E. 21) is DENIED as untimely and he is DENIED a Certificate of Appealability.

ORDERED this 15th day of February, 2016.

_____
HAYDEN HEAD
SENIOR U.S. DISTRICT JUDGE